Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN KRAM, an individual;<br><br>Plaintiff;<br><br>v.<br><br>AFFIRM HOLDINGS, INC., a foreign corporation; EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation;<br><br>Defendants. | Case No.: 3:23-cv-00200<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY DEMAND** |

Plaintiff, Steven Kram ("Plaintiff"), by and through the Law Office of Kevin L. Hernandez, for his claims for relief against Defendants, Affirm Holdings, Inc. ("Affirm") and Experian Information Solutions, Inc. ("Experian"), complains and alleges as follows:

**JURISDICTION AND VENUE**

1.  This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

2.  This court has jurisdiction under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3.  Under 28 U.S.C. § 1391(b), venue in this District is proper because, at all relevant times, Plaintiff and Defendants resided and/or conducted business in the District of Nevada.

4.  Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

5.  Plaintiff is an adult individual residing in Washoe County, Nevada.

6. Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c).

7. Affirm is a foreign corporation doing business in Nevada.

8. Affirm regularly and in the ordinary course of business furnishes credit information about consumers, such as Plaintiff, to the national consumer reporting agencies, and is therefore a "furnisher" as contemplated by 15 U.S.C. § 1681s-2(b).

9. Experian is a foreign corporation doing business in Nevada.

10. Experian is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

11. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a(d).

12. Experian disburses said consumer reports to third parties under contract for monetary compensation.

**FACTUAL ALLEGATIONS**

13. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

14. Plaintiff entered into a personal loan agreement with Affirm under Account # R2RGXXXX in June 2019 (the "Account").

15. Affirm subsequently sent the Account to Jefferson Capital Systems, LLC ("Jefferson") for collections.

16. In February 2023, Plaintiff settled the Account in full with Jefferson and the collection account was closed.

17. On or about February 27, 2023, Jefferson provided Plaintiff with a settled in full letter stating "there is no balance due" for the Account.

18. On or about February 2023, Plaintiff obtained a copy of his Experian credit report became aware that Defendants continued to report a balance, past due balance, and derogatory marks on the Account despite the settlement.

19. On or about February 25, 2023, March 25, 2023, and April 7, 2023, Plaintiff submitted written disputes to Experian describing the above-referenced inaccuracies in the Account. Plaintiff attached proof of settlement with the written disputes.

20. In his March and April 2023 disputes, Plaintiff also advised Experian that the Account reported inaccurate derogatory monthly data for months after the settlement, along with reporting an inaccurate balance and failing to show the account was resolved in full.

21. On information and belief, Experian submitted Plaintiff's written disputes to Affirm for investigation.

22. Plaintiff also notified Affirm of the dispute in writing directly.

23. Defendants failed to fully correct the inaccuracies in Plaintiff's credit reports within thirty (30) days of receipt of Plaintiff's written disputes.

24. Upon receipt of Plaintiff's disputes, Defendants failed to evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the disputed Account information on Plaintiff's credit reports.

25. Defendants failed to conduct a lawful investigation of the disputed Account information on Plaintiff's credit reports.

26. In failing to delete the inaccurate information, Defendants continued to report inaccurate information in violation of the FCRA.

27. In failing to delete the inaccurate information, Defendants provided misleading information on Plaintiff's credit reports in violation of the FCRA.

28. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score negatively.

29. Plaintiff has been forced to delay obtaining loans because of Defendants' erroneous credit reporting as referenced in this Complaint.

30. Plaintiff suffered embarrassment, emotional distress, and mental anguish due to Defendants' violations.

31. Plaintiff was forced to waste time and expense disputing these multiple inaccuracies with the Defendants and other regulatory bodies.

**FIRST CLAIM FOR RELIEF**

**[Violations of 15 U.S.C. § 1681e(b) against Experian]**

32. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

33. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it publishes and maintains concerning Plaintiff.

34. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damage by loss of credit and loss of ability to purchase and benefit from credit.

35. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, significant concrete damages as referenced above, including without limitation, loss of credit score, loss of creditworthiness, emotional distress, mental anguish, embarrassment, delay in obtaining loans, and wasted time and expense.

36. Experian's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

37. In the alternative, Experian was negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

38. As a direct and proximate result of the above-referenced violations by Experian, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

39. Plaintiff is entitled to recover costs and attorneys' fees from Experian in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

40. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

41. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

///

## SECOND CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681i against Experian]**

42. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

43. Experian violated 15 U.S.C. § 1681i by failing to delete or correct the above-referenced inaccurate information in Plaintiff's credit files after receiving actual notice of the inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by relying upon verification from a source it has reason to know is unreliable.

44. As a direct and proximate result of this conduct by Experian, Plaintiff suffered, and continues to suffer, damage by loss of credit, and the loss of the ability to purchase and benefit from credit.

45. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, significant concrete damages as referenced above, including without limitation, loss of credit score, loss of creditworthiness, emotional distress, mental anguish, embarrassment, delay in obtaining loans, and wasted time and expense.

46. Experian's conduct was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the court under 15 U.S.C. § 1681n.

47. Plaintiff is entitled to recover costs and attorneys' fees from Experian in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

## THIRD CLAIM FOR RELIEF

**[Violations of the FCRA, 15 U.S.C. § 1681s-2(b) against Affirm]**

48. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

49. Affirm violated the FCRA, 15 U.S.C. § 1681s-2(b), by continuing to report the false representations within Plaintiff's credit files with Experian; by failing to investigate Plaintiff's disputes properly; by failing to review all relevant information regarding Plaintiff's disputes; by failing to respond to Experian accurately; by failing to report results on Plaintiff's credit files

correctly; and by failing to permanently and lawfully correct its own internal records to prevent the aforementioned violations.

50. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, significant concrete damages as referenced above, including without limitation, loss of credit score, loss of creditworthiness, emotional distress, mental anguish, embarrassment, delay in obtaining loans, and wasted time and expense.

51. Affirm's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

52. In the alternative, Affirm was negligent in the above-referenced acts and omissions, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

53. As a direct and proximate result of the above-referenced violations by Affirm, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

54. Plaintiff is entitled to recover costs and attorney's fees from Affirm in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

55. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

56. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

**WHEREFORE,** Plaintiff prays for relief as follows:

1. For an award of actual damages;
2. For an award of statutory damages;
3. For punitive damages;
4. For injunctive relief;
5. For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred; and

///

///

6.     For such other further relief as the court deems proper.

<b>TRIAL BY JURY DEMANDED ON ALL COUNTS.</b>

Dated: May 9, 2023

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
***Attorney for Plaintiff***